1  STEPHEN M. HARBER, STATE BAR #119830
2  JULIAN S. SMITH, STATE BAR #309241
   McCUNE & HARBER, LLP
3  515 South Figueroa Street, Suite 1100
   Los Angeles, California 90071
4  Telephone: (213) 689-2500
   Facsimile: (213) 689-2501
5  sharber@mccuneharber.com and jsmith@mccuneharber.com

6  Attorneys for Defendant, COSTCO WHOLESALE CORPORATION

8              UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| SONYA DOFTER, | Case No: 2:22-cv-4577 |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(B) DIVERSITY AND DEMAND FOR JURY TRIAL; DECLARATION OF JULIAN SMITH, ESQ. IN SUPPORT THEREOF WITH EXHIBITS** |
| COSTCO WHOLESALE CORP; and DOES 1 through 50 inclusive, | |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant COSTCO WHOLESALE CORPORATION (hereinafter, "Costco") by and through its counsel, hereby removes the above-captioned action from the Superior Court of the State of California, in and for the County of Orange, to the United States District Court for the Central District of California, Western Division, for the reasons described below:

1.  Costco is the defendant in a civil action pending against it in the Superior

-1-

Court of California for the County of Los Angeles, entitled <u>SONYA DOFTER v. Costco Wholesale Corporation; and DOES 1 through 50, Inclusive,</u> Case Number 21STCV07426, filed and served on or about February 25, 2021. A true and correct copy of the state court Complaint is attached hereto as <u>Exhibit A.</u>

2.  A true and correct copy of Defendant Costco's Answer to Plaintiff's Complaint is attached hereto as <u>Exhibit B</u>, timely filed on March 29, 2021.

## JURISDICTION

3.  This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332. This case may be removed to this Court by Costco pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a case that could have been commenced in federal court based on the fact that it is a civil action between citizens of different states, and that the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

4.  Both at the time that this action was commenced and at this time, Costco is incorporated in the state of Washington and has its principal place of business in Washington. "For the purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

5.  In accordance with, and pursuant to <u>Indus. Tectonics, Inc. v. Aero Alloy</u>, 912 F.2d 1090, 1094 (9th Cir. 1990), if one state does not contain a substantial predominance of corporate operations, courts are to apply the "nerve center" test to determine a corporation's principal place of business. (<u>Tosco Corp. v. Communities for a Better Environment</u>, 236 F.3d 495, 500 (9th Cir. 2001).) The corporation's principal place of business is then determined by identifying the state "where the majority of the corporation's executives and administrative functions are performed." (<u>Id</u>.) This test is particularly appropriate where a corporation's activities are widespread and its operations are conducted in many states. (<u>Indus. Tectonics, Inc. v. Aero Alloy</u>, 912 F.2d at 1094; <u>see also Lurie Co. v. Loew's San Francisco Hotel Corp.</u>, 315 F. Supp. 405, 412 (N.D. Cal. 1970); <u>see also Hertz Corp. v. Friend</u>, 559 U.S. 77, 92-93 (2010) (holding that "principal

-2-

place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters. . . .).)

6. Here, Costco's employees, sales, production activities, tangible properties, purchases, income, etc. are spread across multiple states and multiple countries and no one state substantially predominates. (See Declaration of Julian Smith, at ¶ 5.) Costco's headquarters are located in Issaquah, Washington, where its executive officers operate out of. (Id.) The majority of Costco's executive and administrative functions occur in Washington; and, Costco's senior management are located in Washington. (Id.)

7. Costco is informed and believes that Plaintiff Sonya Doster (erroneously named Dofter in the Complaint) is a citizen of Los Angeles County, California, and a resident of Duarte, California. (See Exhibit A, Complaint, at p. 1, ¶ 1, stating that Plaintiff is "an adult resident of Los Angeles County, California."; and See Exhibit C, Plaintiff's Response to Form Interrogatory No. 2.5, listing Plaintiff's address as "1305 Highland Avenue #1111, Duarte, CA 91010.") Thus, Plaintiff is a natural person, domiciled in Duarte, in the County of Los Angeles, in the State of California, which, Costco is informed and believes, is the "location where [he] has established a fixed habitation or abode…and [intends] to remain there permanently or indefinitely." (Lew v. Moss, 797 F.2d 747, 749-50 (9th Cir. 1986).)

8. Plaintiff, in her Complaint, alleges an incident that occurred on April 9, 2020, and states "Plaintiff was seriously injured when she tripped and fell over wooden boxes that Defendant placed near the entrance of the store without any signage, resulting in a severe injuries to Plaintiff." (See Exhibit A, Complaint, at p. 3, ¶ 8.) As a result, Plaintiff alleges state law claims for premises liability and negligence.

9. Plaintiff alleges that "Plaintiff was severely injured as a direct result of a dangerous set up on Defendant's premises…. Plaintiff suffered severe injuries and

attendant damages. ("SUBJECT CONDITION"). See Exhibit A, Complaint, at p. 3, 5, ¶¶ 8,19.)

10. Plaintiff, in the Complaint, also requests general damages and special damages in the form of medical expenses, loss of earnings, and costs of suit, all according to proof. See Exhibit A, Plaintiff's Complaint, at p. 7, ¶¶ Prayer for Relief.

11. In May 2022, plaintiff served a 998 Demand and produced medical records, which indicated her total medical expenses were around at $150,000 See (Exhibit C, Plaintiff's Response to Defendant's Discovery Requests, and Exhibit D, Plaintiff's 998 Demand)

12. Based on the foregoing, Costco is informed and believes that Plaintiff is claiming more than $75,000 in damages, thus exceeding the statutory threshold to satisfy the amount in controversy and invoking federal court jurisdiction.

### INTRADISTRICT ASSIGNMENT

12. The state court action was filed in the County of Los Angeles, California, which serves as the basis for assignment to the First Street U.S. Courthouse, located at 350 W. 1st Street, Los Angeles, California, 90012, of the United States District Court, Central District of California, Western Division.

### NOTICE TO PLAINTIFF AND STATE COURT

13. Immediately following the filing of this notice of removal of action, written notice of this filing will be served on Plaintiff and will be filed with the Clerk of the Superior Court for the County of Los Angeles, in accordance with 28 U.S.C. Section 1446(d).

### DEMAND FOR JURY TRIAL

14. Costco demands a jury trial of twelve jurors pursuant to Federal Rule of Civil Procedure 48.

WHEREFORE, Costco prays that the above-entitled action, currently pending in the Superior Court of the State of California, in and for the County of Los Angeles, be removed therefrom to the United States District Court for the Central District of

California, Western Division, and that this action proceed in this Court as an action properly removed thereto pursuant to 28 U.S.C. section 1441, et seq.

DATED: July 1, 2022                                McCUNE & HARBER, LLP

By:_____
STEPHEN M. HARBER, ESQ.
JULIAN S. SMITH, ESQ.
Attorneys for Defendant, COSTCO WHOLESALE CORPORATION

McCune & Harber, LLP
515 South Figueroa St.
Los Angeles, CA 90071
(213) 689-2500
Fax (213) 689-2501

# **PROOF OF SERVICE**

STATE OF CALIFORNIA        )
                           ) ss.
COUNTY OF LOS ANGELES      )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action; my business address is 515 South Figueroa Street, Suite 1100, Los Angeles, California 90071.

On July 5, 2022, I served the foregoing document described as **DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(B) DIVERSITY AND DEMAND FOR JURY TRIAL; DECLARATION OF JULIAN SMITH, ESQ. IN SUPPORT THEREOF WITH EXHIBITS**, on the interested parties as follows:

Shaun J. Bauman, Esq.
Bauman Law APLC
24003A Ventura Boulevard
2nd Floor
Calabasas California 91302
(818) 285-0222
(818) 285-0224 Fax
shaun.bauman@gmail.com; info@thela-lawyer.com; mikaelag@thela-lawyer.com; sonyamotiedosterboughz9307072@projects.filevine.com
Attorneys for Plaintiff SONYA DOFTER

__X__ BY MAIL: I served the documents by enclosing them in an envelope and placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice of collection and processing of correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

__X__ BY ELECTRONIC TRANSMISSION: I caused to be transmitted a true and correct copy of the above-entitled document(s) to recipients via electronic service to the email address listed on the service list herein.

_____ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X__ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 5, 2022, at Los Angeles, California.

_____
RHIANNA A. AGUILAR