Electronically FILED by Superior Court of California, County of Los Angeles on 02/25/2021 01:21 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk
21STCV07426

FEB 2 6 2021

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COSTCO WHOLESALE CORP; and DOES 1 through 50 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SONYA DOFTER, an individual,

|  |
|---|
| *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

111 N. Hill Street
Los Angles, CA 90012

**CASE NUMBER:**
*(Número del Caso):*

21STCV07426

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jon Teller, Esq. Wilshire Law Firm; 3055 Wilshire Blvd, 12th Fl, Los Angeles, CA 90010; 213-381-9988

DATE:
*(Fecha)* 02/25/2021

Sherri R. Carter Executive Officer / Clerk of Court

Clerk, by
*(Secretario)* M. Barel , Deputy
*(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

[SEAL]

3. ☒ on behalf of *(specify):* COSTCO WHOLESALE CORP

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* FEB 2 6 2021

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

21STCV07426

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Daniel Crowley

Electronically FILED by Superior Court of California, County of Los Angeles on 02/25/2021 01:21 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

1  Jonathan C. Teller, Esq. SBN: 280312
   Bobby Saadian, Esq. SBN: 250377
2  **WILSHIRE LAW FIRM**
   3055 Wilshire Blvd., 12th Floor
3  Los Angeles, California 90010
   Tel: (213) 381-9988
4  Fax: (213) 381-9989
   tellerteam@wilshirelawfirm.com
5
   Attorneys for Plaintiff,
6  Sonya Dofter

7

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                      COUNTY OF LOS ANGELES

10

11 SONYA DOFTER,                          CASE NO.: 21STCV07426

12                Plaintiff,              **FIRST AMENDED COMPLAINT FOR
         vs.                              DAMAGES:**
13
   COSTCO WHOLESALE CORP; and DOES        1.  **NEGLIGENCE**
14 1 through 50 inclusive,
                                          2.  **PREMISES LIABILITY**
15                Defendants.
                                          **DEMAND FOR JURY TRIAL**
16

17

18        COMES NOW, Plaintiff SONYA DOFTER ("Plaintiff"), who respectfully alleges,

19 based on information and belief, the following:

20                         **GENERAL ASSERTIONS**

21        1.     This is an action for personal injury arising out of an incident that occurred on or

22 about April 9, 2020 and which proximately caused serious and permanent injury to Plaintiff's

23 person. The negligent acts and omissions of the Defendants COSTCO., a California Corporation;

24 and DOES 1 through 50 inclusive, herein alleged took place in or about the City of Azusa,

25 County of Los Angeles, State of California. Accordingly, venue within this judicial district is

26 proper.

27        2.     At all times relevant herein, Plaintiff is an individual over the age of 18 and a

28 resident of the County of Los Angeles, State of California.

                                          1
                      FIRST AMENDED COMPLAINT FOR DAMAGES

1    3.    Plaintiff is informed and believes, and based upon such information and belief

2    alleges that at all times relevant herein, Defendant COSTCO WHOLESALE CORP

3    ("COSTCO"), is a duly formed Corporation, authorized to do business in California, and doing

4    business in the County of Los Angeles, State of California.

5    4.    Plaintiff is informed and believes, and based upon such information and belief

6    alleges that Defendants COSTCO and DOES 1 through 50 owned, managed, repaired,

7    maintained and/or controlled the property or was responsible for designing, constructing,

8    maintaining, cleaning, repairing, or managing the Costco market property located at 1220 W

9    Foothill Blvd, Azusa, CA 91702(hereafter "SUBJECT PREMISES").

10   5.    The true names and/or capacities, whether individual, corporate, associate or

11   otherwise of the Defendants DOES 1 through 50 are unknown to Plaintiff who therefore sues

12   said Defendants by such fictitious names pursuant to Code of Civil Procedure § 474.  Plaintiff is

13   informed and believes and thereon alleges that each of these Defendants fictitiously named

14   herein as a DOE is legally responsible, negligent or in some other actionable manner liable for

15   the events and happenings hereinafter referred to, and proximately and legally caused the injuries

16   to Plaintiff as hereinafter alleged.  Plaintiff will seek leave of the Court to amend this Complaint

17   to insert the true names and/or capacities of such fictitiously-named Defendants when the same

18   has been ascertained.

19   6.    Plaintiff is informed and believes, and based upon such information and belief

20   alleges that at all times relevant hereto, each Defendant, including DOES 1 through 50, was the

21   owner, servant, agent, joint-venturer, employee or employer of each of its co-Defendants, and in

22   doing the acts hereinafter mentioned, each Defendant was acting within the scope of its authority

23   and with the permission and consent of its co-Defendants, and each of them, and that said acts

24   of each Defendant was ratified by said Defendant's co-Defendants, and each of them and every

25   Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of

26   each and every other Defendant as an agent, employee and/or joint venturer.

27   7.    Plaintiff is informed and believes, and based upon such information and belief

28   alleges that all of the acts, conduct, and nonfeasance herein carried out by each and every

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

2

FIRST AMENDED COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1  representative, employee or agent of each and every corporate or business defendant, were

2  authorized, ordered, and directed by the respective defendant's corporate or business employers,

3  officers, directors and/or managing agents; that in addition thereto, said corporate or business

4  employers, officers, directors and/or managing agents had advance knowledge of, authorized,

5  and participated in the herein described acts, conduct and nonfeasance of their representatives,

6  employees, agents and each of them; and that in addition thereto, upon the completion of the

7  aforesaid acts, conduct and nonfeasance of the employees and agents, the aforesaid corporate

8  and business employers, officers, directors and/or managing agents respectively ratified,

9  accepted the benefits of, condoned and approved of each and all of said acts, conduct or

10  nonfeasance of their co-employees, employers, and agents.  In addition, at all times herein

11  relevant, each defendant, whether named herein or designated as a DOE, was a principal, master,

12  employer and joint venturer or every other defendant, and every defendant was acting within the

13  scope of said agency authority, employment and joint venture.

14         8.      On or about April 9, 2030, Plaintiff was at the SUBJECT PREMISES. While

15  using the SUBJECT PREMISES in a reasonably foreseeable manner, Plaintiff was seriously

16  injured when she tripped and fell over wooden boxes that Defendant placed near the entrance of

17  the store without any signage, resulting in a severe injuries to Plaintiff. Accordingly, Plaintiff

18  was severely injured as a direct result of a dangerous set up on Defendant's premises ("SUBJECT

19  CONDITION").

20  **FIRST CAUSE OF ACTION**

21  **Negligence**

22  *[Against All Defendants]*

23        9.      On the above date, Plaintiff was a patron of the Defendants COSTCO and DOES

24  1 through 50, and was lawfully on the SUBJECT PREMISES at the time of the incident.

25        10.     Defendants COSTCO and DOES 1 through 50, owed a duty of reasonable care

26  toward  Plaintiff and others based upon Defendants' ownership of the property, their right to

27  exercise control over the premises, their management and maintenance of the property, their

28

FIRST AMENDED COMPLAINT FOR DAMAGES

1    contractual obligations, custom and practice in the industry, and the commission of affirmative

2    acts that resulted in injury to Plaintiff.

3         11.    The duty Defendants COSTCO and DOES 1 through 50 owed to Plaintiff is based

4    on Civil Code § 1714(a) which mandates that everyone is responsible for injury occasioned to

5    another by his or her want of ordinary care or skill in the management of his/her/its property.

6         12.    Defendants COSTCO and DOES 1 through 50 breached said duty when,

7    individually and by the acts of their agents and employees, they negligently, carelessly and

8    recklessly constructed, inspected, maintained, contracted, subcontracted, supervised, controlled,

9    engineered, handled, and designed the SUBJECT PREMISES in such a way that the SUBJECT

10   CONDITION was permitted to exist on the SUBJECT PREMISES.

11        13.    The SUBJECT PREMISES, including but not limited to the SUBJECT

12   CONDITION, was in a dangerous condition such that it posed an unreasonable risk of harm to

13   others even when used in a reasonably foreseeable manner.

14        14.    Defendants COSTCO and DOES 1 through 50, were otherwise aware, or should

15   have been aware, of the dangerous nature of the SUBJECT CONDITION through prior

16   inspections of the SUBJECT PREMISES.   Further, the SUBJECT CONDITION existed for a

17   sufficient period of time that Defendants had actual or constructive knowledge of the unsafe

18   conditions.

19        15.    Defendants COSTCO and DOES 1 through 50, performed acts that affirmatively

20   contributed to the creation of the unsafe conditions or otherwise failed to remediate such

21   conditions. Such conduct is affirmative in nature, and created the dangerous condition leading

22   to the injury of Plaintiff.

23        16.    Defendants COSTCO and DOES 1 through 50, failed to perform reasonable

24   periodic inspections and failed to implement a system of reasonable periodic inspections of the

25   SUBJECT PREMISES to discover and remedy dangerous conditions on the SUBJECT

26   PREMISES, such as the SUBJECT CONDITION.

27   ///

28   ///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

4

FIRST AMENDED COMPLAINT FOR DAMAGES

17.    Defendants COSTCO and DOES 1 through 50 knew or in the exercise of reasonable care should have known of the dangerous nature of the SUBJECT CONDITION and failed to warn foreseeable users of the SUBJECT PREMISES of the SUBJECT CONDITION.

18.    Defendants COSTCO and DOES 1 through 50 could have and should have prevented the subject incident from occurring and that the costs associated with maintaining the SUBJECT PREMISES in a safe condition would have been minimal.

19.    As a direct, legal, and proximate result of the negligent acts and/or omissions of Defendants COSTCO and DOES 1 through 50, Plaintiff suffered severe injuries and attendant damages.

20.    As a direct, legal, and proximate result of the combined and concurrent wrongful acts of the Defendants COSTCO and Does 1 through 50, Plaintiff suffered and sustained the following loss and damages within the jurisdiction of the Superior Court of California:

    a.    All past and future medical and incidental expenses;

    b.    All past and future loss of earnings and earning capacity;

    c.    All past and future Non-economic damages;

    d.    Loss or damage to tangible personal property; and

    e.    Pre-trial interest.

## SECOND CAUSE OF ACTION

### Premises Liability

*[Against all Defendants]*

21.    Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding paragraphs, inclusive, of the General Assertions and the First Cause of Action above.

22.    On the above date, Plaintiff was a patron of the Defendants COSTCO and DOES 1 through 50, and was lawfully on the SUBJECT PREMISES at the time of the incident.

23.    As an invitee and licensee of the premises, Defendants COSTCO and DOES 1 through 50, owed a duty of reasonable care toward Plaintiff and others based upon Defendants' ownership, possession, and operation of the subject premises where the injury-causing incident

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED COMPLAINT FOR DAMAGES

1   occurred.  Additionally, said duty is based on the requirements of Civil Code §1714 requiring

2   all persons to act in a reasonable manner toward others and on the requirements of *Rowland v.*

3   *Christian* (1968) 69 Cal.2d 108 regarding liability of landowner for those on the premises.

4          24.    While Plaintiff was using the SUBJECT PREMISES in a reasonably foreseeable

5   manner, Defendants COSTCO and DOES 1 through 50 so negligently and carelessly owned,

6   operated, supervised, cared for, inspected, handled, and maintained the SUBJECT PREMISES

7   so as to cause the SUBJECT CONDITION and, thereafter the subject incident, which resulted

8   in the Plaintiff being injured.

9          25.    Defendants COSTCO and DOES 1 through 50 failed to use reasonable care to

10  discover any unsafe conditions and to repair, replace, remedy, or give adequate warning of

11  anything that could be reasonably expected to harm others.

12         26.    The SUBJECT CONDITION created an unreasonable risk of harm to those using

13  the SUBJECT PREMISES in a reasonably foreseeable manner.

14         27.    Defendants COSTCO and DOES 1 through 50 created, maintained, controlled

15  and allowed a dangerous condition of the SUBJECT PREMISES to exist in the area where

16  Plaintiff and others were located, including but not limited to the SUBJECT CONDITION.

17  Defendant COSTCO and DOES 1 through 50 approved and oversaw the unsafe conditions

18  existing at the time of the subject incident.

19         28.    At the time of the subject incident, the SUBJECT PREMISES was in a dangerous

20  condition due to the SUBJECT CONDITION, as it posed a serious risk of injury to foreseeable

21  users, including Plaintiff. The dangerous nature of the SUBJECT PREMISES was known to the

22  Defendants COSTCO and DOES 1 through 50, or in the exercise of reasonable care should have

23  been known to the Defendants COSTCO and DOES 1 through 50.   However, the dangerous

24  nature of the SUBJECT PREMISES and/or the SUBJECT CONDITION was not known to the

25  Plaintiff.

26         29.    As a direct, legal, and proximate result of the negligent acts and/or omissions of

27  Defendants COSTCO and DOES 1 through 50, Plaintiff suffered severe injuries and attendant

28  damages.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

FIRST AMENDED COMPLAINT FOR DAMAGES

30.     As a direct, legal, and proximate result of the combined and concurrent wrongful acts of the Defendants COSTCO and DOES 1 through 50, Plaintiff suffered and sustained the following loss and damages within the jurisdiction of the Superior Court of California:

      a.   All past and future medical and incidental expenses;

      b.   All past and future loss of earnings and earning capacity;

      c.   All past and future Non-economic damages;

      d.   Loss or damage to tangible personal property; and

      e.   Pre-trial interest.

WHEREFORE, Plaintiff hereby prays for judgment against all Defendants and each of them as follows:

1.     For all past and future economic damages, including, but not limited to, medical and incidental expenses, loss of earnings and earning capacity.

2.     For all past and future noneconomic damages.

3.     For all prejudgment and post judgment interest as allowed by law.

4.     For costs of suit incurred herein.

5.     For such other and further relief as the Court deems just and proper.

DATED: February 25, 2021

                          **WILSHIRE LAW FIRM**

                          By: _____
                              Jon C. Teller, Esq.
                              Attorney for Plaintiff

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

7

FIRST AMENDED COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action.

DATED: February 25, 2021

WILSHIRE LAW FIRM

By: _____
      n C. Teller, Esq
      Attorney for Plaintiff

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

8

FIRST AMENDED COMPLAINT FOR DAMAGES